IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LOYUK LOYUK,

      Plaintiff,

         v.

SYGMA NETWORKS INC.,

      Defendant.

Case No. 3:26-cv-00483-JR

FINDINGS AND
RECOMMENDATION

Russo, Magistrate Judge:

      Defendant Sygma Network, Inc. moves to dismiss pro se plaintiff Loyuk Loyuk's complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, defendant's motion should be granted.

Page 1 – FINDINGS AND RECOMMENDATION

**BACKGROUND**

In February 2026, plaintiff initiated this action in Clackamas County Circuit Court alleging:

On October 26th, 2023 during the course of his employment with Defendant, Plaintiff sustained compensable work-related lumbar sprain/knee sprain and ankle injury while performing his work in Clackamas County as Driver for Sygma Networks Inc.

As result of said back injury as described hereinabove, Plaintiff applied for worker's compensation benefit under ORS Chapter 656 relating to worker's compensation by notifying defendant do the incident and his need for treatment, seeking medical attention because of the work-related injury, completing form 801, and remaining off work from October 26, 2023 pursuant to doctor's release, cooperating with the Defendant's insurance carrier, awaiting decision by the carrier to accept Plaintiffs claim. Plaintiff's worker's compensation claimed was accepted and processed by SAIF pursuant to the laws of the State of Oregon under Chapter 656 of the Oregon Revised Statutes.

At the said time on March 13, 2025 Plaintiff was informed their job was terminated. Any stated reason for Defendant's termination of Plaintiff was pretextual and false.

FIRST CAUSE OF ACTION: Plaintiff alleges all paragraphs above as though fully set forth herein. Because of Plaintiff's application of worker's benefits, and because of Plaintiffs utilization of the procedures provided for in ORS Chapter 656, as described hereinabove Defendant terminated Plaintiff. Defendant's conduct was discriminatory and Plaintiff's application for worker's compensation benefits and utilization of the procedures provided for in ORS Chapter 656 relating to worker's compensation, as described hereinabove, were substantial factor motivating Defendant's conduct.

Compl. pgs. 1-3 (doc. 1-1). As relief, plaintiff seeks reinstatement, "los[t] wages and benefits in the approximate sum of $300,000," "non economic damages in the sum of $350,000," and an unspecified amount of punitive damages. *Id.* at pg. 3.

Defendant timely removed plaintiff's complaint to this Court on the basis of diversity jurisdiction. Notice of Removal 2-4 (doc. 1). On March 20, 2026, defendant filed the present

Page 2 – FINDINGS AND RECOMMENDATION

motion to dismiss. As of the date of this Findings and Recommendation, plaintiff has not filed a timely response or otherwise sought to oppose defendant's motion.[1]

### STANDARD

Where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For the purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. *Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir. 1983). Regardless, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Bacca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court, in many circumstances, instructs the pro se litigant regarding deficiencies in the complaint and grants leave to amend. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). Nevertheless, a pro se plaintiff's claims may be dismissed without leave to amend where it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief. *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008).

---

[1] As defendant correctly denotes, pursuant to the Court's Scheduling Order and Local Rules, "[p]laintiff's deadline to respond [w]as April 3, 2026." Def.'s Reply to Mot. Dismiss 2 (doc. 11) (citing LR 7-1(e)); *see also* *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("[f]ailure to follow a district court's local rules is a proper ground for dismissal").

Page 3 – FINDINGS AND RECOMMENDATION

**DISCUSSION**

Defendant contends dismissal with prejudice is warranted because "ORS 659A.885 supplies the remedies for retaliation claims involving workers' compensation rights [such that] a duplicative common-law wrongful discharge claim is unavailable." Def.'s Mot. Dismiss 2, 7 (doc. 7). Defendant also asserts that any purported claim fails at the pleading level: "Beyond asserting that the termination was 'pretextual,' the Complaint provides no factual allegations explaining how the workers' compensation claim motivated the termination [and] also does not allege who made the termination decision, what reason SYGMA gave for the termination, or any statements or conduct suggesting retaliatory intent . . . the seventeen (17) month gap [between plaintiff's injury and termination] undermines any inference of retaliation." *Id.* at 5-6.

"The elements of a wrongful discharge claim are simple: there must be a discharge and that discharge must be 'wrongful.'" *Arnold v. Pfizer*, 970 F.Supp.2d 1106, 1145 (D. Or. 2013) (citation and internal quotations omitted). Although an employee may generally "be terminated for any reason, absent a contractual, statutory or constitutional requirement[,]a termination is wrongful when an employee is terminated for: (1) fulfilling an important public duty; or (2) exercising a job-related right that reflects on important public policy." *Id.* (citations and internal quotations and brackets omitted).

However, "the common law remedy for wrongful discharge or termination is available only in the absence of an adequate statutory remedy." *Id.* (collecting cases). And Oregon courts have repeatedly concluded that the state's workers' compensation scheme provides an adequate statutory and, by extension, exclusive remedy. *See, e.g.*, *Williams v. Wal-Mart Stores*, 2005 WL 8176881, *2 (D. Or. Oct. 18), *adopted by* 2005 WL 8176882 (D. Or. Nov. 3, 2005); *Farrimond v. La.-Pac. Corp.*, 103 Or.App. 563, 566-68, 798 P.2d 697 (1990). *cf. McLean v. Pine Eagle Sch.*

Page 4 – FINDINGS AND RECOMMENDATION

*Dist., No. 61*, 194 F.Supp.3d 1102, 1125 (D. Or. 2016) ("[u]nder Oregon workers' compensation law, workers who are injured in the course and scope of employment are entitled to receive certain benefits from their employers, and, with some notable exceptions, those benefits are exclusive of all other remedies that would otherwise be available to the worker") (citation and internal quotations and brackets omitted). As such, defendant is correct that plaintiff cannot maintain a wrongful termination claim based on the facts alleged in the complaint.

To the extent plaintiff intended to pursue a claim for discrimination or retaliation, his complaint also fails at the pleadings level. "To state a prima facie case under ORS 659A.040, a plaintiff must show: (1) that the plaintiff invoked the workers' compensation system; (2) that the plaintiff was discriminated against in the tenure, terms or conditions of employment; and (3) that the employer discriminated against the plaintiff in the tenure or terms of employment because he or she invoked the workers' compensation system." *Arnold*, 970 F.Supp.2d at 1142 (citation and internal quotations omitted). Similarly, to state a retaliation claim in this context, the plaintiff must set forth well-plead facts demonstrating: "(1) that he or she [filed a workers compensation claim] and (2) that he or she suffered an adverse employment action motivated in substantial part by the plaintiff's invocation of such rights." *Id.* at 1140-41 (citation and internal quotations omitted). In other words, both types of claims require a plausible showing of causation. *Id.* at 1141-42.

Here, plaintiff alleges defendant terminated his employment because he reported an on-the-job injury, applied for and was granted workers compensation benefits, and remained off work for an unspecified period of time as a result of doctor's orders. Compl. pg. 2 (doc. 1-1). And then, nearly a year and half later, plaintiff was terminated. *Id.* The complaint does not include any additional facts, well-plead or otherwise, surrounding either plaintiff's injury or workers'

compensation claim, or the events surrounding his termination (such as the decisionmaker or proffered reason).

Thus, there are no facts from which the Court could reasonably infer that defendant discriminated or retaliated against plaintiff because he invoked his workers' compensation rights. *See Arnold*, 970 F.Supp.2d at 1141-43 (noting that "[p]roximity alone may justify an inference of retaliation, but only where the temporal proximity is very close," before concluding that the plaintiff's analogous discrimination and retaliation claims failed due to the lack of a causal connection) (citation and internal quotations omitted); *see also Iqbal*, 556 U.S. at 680-82 (an allegation is not plausible where there is an "obvious alternative explanation" for the alleged misconduct) (citation and internal quotations omitted). Further, emotional distress and punitive damages are not available under Or. Rev. Stat. § 659A.040. *Williams*, 2005 WL 8176881 at *2.

Despite the complaint's deficiencies, the Court finds that prejudicial dismissal is not appropriate. Plaintiff is proceeding pro se and has not yet had the opportunity to seek amendment. Accordingly, the Court cannot conclude, at least at this stage in the proceedings, that plaintiff can prove no set of facts entitling him to relief.

## RECOMMENDATION

For the foregoing reasons, defendant's Motion to Dismiss (doc. 7) should be granted. Any motion to amend the complaint must be filed within 30 days of the District Judge's order.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have

fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 10th day of April, 2026.

_____/s/ Jolie A. Russo_____
Jolie A. Russo
United States Magistrate Judge

Page 7 – FINDINGS AND RECOMMENDATION