# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LOYUK LOYUK**, | Case No. 3:26-cv-00483-JR |
| Plaintiff, | **ORDER ADOPTING F&R** |
| v. | |
| **SYGMA NETWORKS, INC.**, | |
| Defendant. | |

Loyuk Loyuk, Hillsboro, OR 97006. Pro se.

Curt Roy Hineline, Cornelia Brandfield-Harvey & Phillip H. Wang, Baker & Hostetler LLP, 999 Third Avenue, Suite 3900, Seattle, WA 98104. Attorneys for Defendant.

**IMMERGUT, District Judge.**

Magistrate Judge Russo issued her Findings & Recommendation ("F&R"), ECF 12, recommending that this Court grant Defendant's Motion to Dismiss, ECF 7. Plaintiff filed no objections to the F&R, and this Court adopts the F&R. The Motion to Dismiss is granted, and the Complaint, ECF 1-1, is dismissed without prejudice. Plaintiff also filed a Motion for Appointment of Counsel, ECF 15, which this Court denies for the reasons stated below.

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

PAGE 1 – ORDER ADOPTING F&R

28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*." *Thomas*, 474 U.S. at 154.

No objections having been filed, this Court adopts the F&R and dismisses the Complaint without prejudice. Any motion to amend the complaint is due within 30 days of this Order.

Plaintiff also filed a Motion for Appointment of Counsel, ECF 15, but Plaintiff has not demonstrated "exceptional circumstances" to warrant appointment of counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citation modified). Civil plaintiffs generally have no right to counsel. *Id.* "However, a court may under exceptional circumstances appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Id.* (citation modified). To determine whether exceptional circumstances exist, courts consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Weyngandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

Both considerations weigh against finding exceptional circumstances in this case. First, as to Plaintiff's likelihood of success, for the reasons stated in the F&R, Plaintiff is unlikely to prevail in his asserted claims. Second, as to Plaintiff's ability to articulate his claims, although Plaintiff would benefit from counsel's assistance, he has demonstrated an ability "to articulate

PAGE 2 – ORDER ADOPTING F&R

his claims *pro se*" in his Complaint, ECF 1-1. Therefore, this Court concludes that there are no exceptional circumstances at this stage of the litigation and denies Plaintiff's request for counsel.

In conclusion, this Court ADOPTS Judge Russo's F&R, ECF 12, and GRANTS Defendant's Motion to Dismiss, ECF 7. Plaintiff's Complaint, ECF 1-1, is DISMISSED WITHOUT PREJUDICE, and any motion to amend the complaint is due within 30 days of this Order. This Court also DENIES Plaintiff's Motion for Appointment of Counsel, ECF 15.

**IT IS SO ORDERED**.

DATED this 28th day of April, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 3 – ORDER ADOPTING F&R